HENRY L. LANG COMPANY, RESPONDENT, v. EDWARD C. McGARRY, APPELLANT.

Submitted October 26, 1929—Decided May 19, 1930.

For the respondent, *Cassman & Gottlieb.*

For the appellant, *William S. Darnell*

The opinion of the court was delivered by

BLACK, J. This is an appeal from an order made by Joseph A. Corio, a judge of the Court of Common Pleas of Atlantic county, dated August 2d, 1929, striking out a counter-claim filed in a suit pending in the New Jersey Supreme Court; Cape May Circuit. The attack is made on the ground that the judge of the Court of Common Pleas was without jurisdiction and had no power to hear and determine the subject-matter of said order. This we think is so. The judges of the Court of Common Pleas have no inherent power to hear and decide preliminary motions before trial of suits pending in the Supreme Court. If such power exists it must be found in some appropriate legislation. We have found no such legislation and none has been pointed out to us. *Dayton* v. *Boettner,* 82 *N. J. L.* 421. The record is silent, as to who Joseph A. Corio is, but we can take judicial notice of the fact that Joseph A. Corio is a judge of the Court of Common Pleas of Atlantic county. *Cole* v. *Corio,* 105 *N. J. L.* 511; *Venghis* v. *Commonwealth Casualty Co.,* 101 *Id.* 151. The order must be set aside.

The statutes under which the Circuit Court judges can hear Supreme Court issues and the judges of the Court of Common Pleas may hold the Circuit Court or hear Circuit Court cases sent down to the Common Pleas Court by the judges of the Circuit Court are as follows: The act (*Pamph. L.* 1926, *p.* 103) provides as follows: "1. The New Jersey Supreme Court shall have power, by appropriate rules, revocable or amendable at the pleasure of said court, to grant respectively to such Supreme Court commissioners as shall respectively from time to time occupy the position of Circuit Court judge, full control over the pleadings in any matter then pending in said court, whether prior to or at the time of trial, and any motions addressed thereto, including motions to strike out, motions in lieu of pleas to the jurisdiction, or pleas in abatement, and also motions to dismiss or nonsuit for failure to file notice of trial or for lack of prosecution, and if a decision be decisive of the whole case, the commissioner may order judgment for the successful party or make such order as may

be just; and the action of court upon such motions may be reviewed on appeal after final judgment."

The rules of the Supreme Court carrying this legislation into effect are .IX Preliminary References. Rules 92 to 95. Supreme Court Rules revision of 1929, page 32.

This legislation was passed upon by the Court of Errors and Appeals, in the cases of *National Surety Co.* v. *Mulligan,* 105 *N. J. L.* 336, in that case a Circuit Court judge sitting as a Supreme Court commissioner under the above legislation and rules made an order striking out the answer, which was upheld. To like effect is the case of *Yale Electric Corp.* v. *Morrissey, post, p.* 471.

A judgment based on such an order must, however, be signed by a justice of the Supreme Court, see *Rogisch* v. *Union, &c., Co., post, p.* 591.

The act (*Pamph. L.* 1906, *p.* 209; 2 *Comp. Stat., p.* 1712, § 28a) provides as follows: "1. Issues joined in the Supreme Court may be tried by a justice of said court, or by a judge of the Circuit Court to whom the same may be referred by the justice of the Supreme Court holding the Circuit; and in relation to the trial of such issues the said judge shall have the same powers as a justice of the Supreme Court, including the power to amend, to sign the *postea,* to settle and seal exceptions, and to grant a rule to show cause for a new trial."

Under this statute, a Circuit Court judge has power at the trial to strike out a defense on the ground, that it discloses no defense, when the objection is raised by the plaintiff's answering pleading. *Koppelon* v. *Ritter Flooring Corp.,* 97 *N. J. L.* 200.

Then, the act of *Pamph. L.* 1900, *p.* 357, §§ 37, 38; 2 *Comp. Stat., p.* 1717, § 56, provides, the Circuit Courts may be held by the judges of the Courts of Common Pleas, when thereto requested by a justice of the Supreme Court, within whose district the said Circuit Court shall be. Under this act, the judge of a Court of Common Pleas derives his authority to hold the Circuit Court, not from the request of the justice of the Supreme Court, but from his appointment as a judge of the Court of Common Pleas. *Commonwealth Roof-*

460

ing Co. v. *Palmer Leather Co.*, 67 *N. J. L.* 566; *Higgins* v. *Egg*, 87 *Id.* 185; the latter case disapproves the statement in the Supreme Court, that the Circuit judge has power to request the judge of the Common Pleas to hold the Circuit Court. *Higgins* v. *Egg*, 85 *Id.* 56; *Venghis* v. *Commonwealth Casualty Co., supra.*

So, a suit pending in the Circuit Court, a justice of the Supreme Court presiding in that district, or a Circuit judge holding such Circuit Court may order the process and pleadings to be delivered to the clerk of the Court of Common Pleas of such county for trial in that court.

The Court of Common Pleas shall then have authority to hear and decide said suit and proceed therein in like manner, as if the same had been originally brought in said court. 2 *Comp. Stat., p.* 1720, § 67; *Pamph. L.* 1900, *p.* 360, § 48.

The order of Judge Corio striking out the counter-claim is set aside, and if a judgment has been entered on such order, it is therefore reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Trenchard, Parker, Black, Campbell, Lloyd, Case, Bodine, Van Buskirk, McGlennon, Kays, Hetfield, Dear, Wells, JJ. 15.